JOHNSTON, Judge,
concurring in the result:
The precise issue in this case is whether the appellant, after waiving reading of charges, also waived the procedural requirement of R.C.M. 904 that he be “called upon to plead.” In military practice, this procedural requirement is usually met when the military judge asks an accused “how do you plead?”
The record of trial from August 10, 1994 reveals, in pertinent part, the following colloquy concerning arraignment:
MJ: The accused will now be arraigned.
TC: All parties to the trial have been furnished with a copy of the charges. Does the accused want them read?
DMC: The accused waives the reading of the charges.
MJ: The reading may be omitted.
TC: The charges are signed by Captain [P], a person subject to the Code, as accuser; are properly sworn to before a commissioned officer of the armed forces authorized to administer oaths; and are properly referred to this court for trial by Major General [LDH], the convening authority.
Up to this point in the trial, the colloquy followed the procedures outlined in the Manual for Courts-Martial, United States, Appendix 8, Guide for General and Special Courts-Martial. The guide goes on, “[H]ow do you plead? Before receiving your pleas, I advise you than any motions to dismiss any charge or to grant other relief should be made at this time.” Rather than using these exact words, the military judge in this case stated, “Very well. I will not ask for the accused’s plea, as I was served with notice of several motions that I would obviously need to resolve before any plea was entered in this case.”
The accused and his counsel then arranged for, and participated, in an Article 39(a), UCMJ, motions hearing held on August 23, 1994. The issues disposed of at that time addressed speedy trial, suppression of an in-court identification, and multiplicity of charges. All motions were decided adversely to the accused. When the next session of court was called to order on August 30,1994, the accused was absent. The military judge found that the absence from the court-martial was voluntary and then entered a not guilty plea. The appellant was convicted as charged by a courCmartial composed of officer and enlisted members.
Although the trial defense counsel fully participated in the court-martial and did not raise the issue, appellate defense counsel allege for the first time that the appellant was illegally, tried in absentia because he was never arraigned. My brothers agree in part, and treat the failure to ask the question “how do you plead” as non-prejudicial error. In my view there was no error.
This case does not involve the drawing of a line of demarcation as to when arraignment occurs. That is a two part process: (a) the reading of charges; and, (b) calling on the accused to plead. There is no question that the reading of charges may be waived. I would merely hold that the second part of arraignment, calling on the accused to plead, was waived by the appellant when he voluntarily participated in the Article 39(a), UCMJ, session. In this case, the appellant’s participation in the motions hearing was the functional equivalent of answering “not guilty” to the question “how do you plead”— a question that all parties implicitly understood need not be asked under the circumstances attendant here.